IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:09-cr-00240-21 |
| | ) | Judge Nixon |
| CHRISTOPHER MOODY | ) | |

## ORDER

Before the Court is Defendant Christopher Moody's *pro se* Notice of Appeal, which the Court construes as a motion for leave to file an interlocutory appeal ("Motion"). (Doc. No. 1255.) The Motion seeks interlocutory appellate review of the Court's August 6, 2012 Order denying Defendant's pretrial Motion to Suppress Evidence (Doc. No. 1212). (Doc. No. 1255 at 1.)

A defendant may only a appeal final judgment, which is defined as "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945); *see also United States v. MacDonald*, 435 U.S. 850, 857 (1978) (holding that the defendant could not appeal the denial of his motion to dismiss based upon Sixth Amendment speedy trial grounds); *DiBella v. United States*, 369 U.S. 121, 133 (1962) (holding that the defendant could not appeal the denial of a pretrial motion to suppress evidence). Orders denying motions to suppress are not considered final orders from which interlocutory appeals may be taken. *See DiBella*, 369 U.S. at 129 ("appellate intervention makes for truncated presentation of the issue of admissibility, because the legality of the search too often cannot truly be determined until the evidence at the trial has brought all circumstances to light") (internal citations omitted); *see also Cogen v. United States*, 278 U.S. 221, 224 (1929) ("It is not true that the decision on such a motion for the return of papers necessarily settles the

question of their admissibility in evidence. If the motion is denied, the objection to the admissibility as evidence is usually renewed when the paper is offered at the trial. And, although the preliminary motion was denied, the objection made at the trial to the admission of the evidence may be sustained."). In light of the abundant precedent establishing that defendants may not pursue interlocutory appeals of orders deciding pretrial motions to suppress, and because Defendant seeks interlocutory appellate review of a pretrial motion to suppress, the Court **DENIES** Defendant's Motion.

It is so ORDERED.

Entered this the __21st__ day of August, 2012.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT