UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:09-00240 |
| | ) | JUDGE CAMPBELL |
| FAITH READUS | ) | |

ORDER

The Court held a Pretrial Conference in this case on June 17, 2013. At the Pretrial Conference, the Court ordered that any additional proposed jury instructions or motions be filed by June 20, 2013, and any responses be filed by June 27, 2013. The Court ordered that any requests to unseal matters that have been placed under seal by Judge John Nixon, should be addressed to Judge Nixon. The parties also addressed Defendant Faith Readus' Motions In Limine (Docket No. 2280), which are DENIED as set forth herein.

Defendant's motion in limine no. 1 is entitled "Standing Objection To Government Misconduct and Improper Argument," and seeks to prevent the Government from engaging in six categories of described behavior she anticipates could take place during the trial. In its Response (Docket No. 2291), the Government indicates that it is aware of appropriate limits on argument and evidence and intends to comply with those limits. Defendant's motion in limine no. 1 is DENIED, as premature. Defendant should raise objections to specific conduct at the appropriate time.

Defendant's motion in limine no. 2 is entitled "Motion To Exclude Evidence Not Provided In Discovery," and seeks Brady material. In its Response, the Government indicates that it has provided all discoverable material to the Defendant. Accordingly, the Motion is

DENIED, as moot. The Defendant may raise any objection based on a failure to timely disclose specific Brady material at the appropriate time.

Defendant's motion in limine no. 3 is entitled "Motion For Pre-Trial Identification Of Telephone Calls To Be Used In Evidence," and seeks an order requiring the Government to disclose the telephone calls it plans to use in evidence at trial. In its Response, the Government indicates that it will provide good faith identification of recorded jail calls on the Friday before trial. Accordingly, the Motion is DENIED, as moot. To the extent the Defendant determines that the Government has not complied with its disclosure obligations, she may file an appropriate motion.

Defendant's motion in limine no. 4 is entitled "Motion For Government To Produce Exhibit And Witness Lists In Anticipated Chronological Order." In its Response, the Government indicates that it has not yet determined the witnesses and exhibits it intends to use at trial, but during the trial, will provide likely witnesses for the next day, and will provide an exhibit list at the beginning of trial. Accordingly, the Motion is DENIED, as moot.

Defendant's motion in limine no. 5 is entitled "Motion For Production of Giglio Material By Date Certain," and seeks any agreements between the Government and any Government witness prior to trial. In its Response, the Government indicates that it will provide the requested information to the Defendant the day before trial. Accordingly, the Motion is DENIED, as moot. The Defendant may raise any objection based on a failure to timely disclose Giglio material at the appropriate time.

Defendant's motion in limine no. 6 is entitled "Motion For Curative Instruction," and requests that the Court instruct the jury as set forth in the motion each time the Government

introduces evidence under Federal Rule of Evidence 801(d)(2)(E). In its Response, the Government indicates that the instruction does not reflect applicable law on the issue. The Motion is DENIED for failure to provide any citation to authority. The Defendant may renew her request with the appropriate citation of authority and contemporaneous objection.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE